IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHERRI HORTON, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:10-CV-2665-TWT-JFK |
| FULTON COUNTY DEPARTMENT OF FAMILY AND CHILDREN SERVICES, | |
| Defendant. | |

## **NON-FINAL REPORT AND RECOMMENDATION**

The above-styled employment discrimination case is before the court on a motion [Doc. 4] to dismiss the complaint and an amended motion [Doc. 6] to dismiss the complaint filed by the Georgia Department of Human Services ("Georgia DHS") and Defendant Fulton County Department of Family and Children Services ("Fulton County DFCS"). According to the Georgia DHS and Defendant Fulton County DFCS (collectively, "the movants"), Plaintiff Sherri Horton's complaint should be dismissed because she has failed to effect service of process on Defendant. [Docs. 4, 6]. In the motions to dismiss, the movants argue that Plaintiff has failed to satisfy the service requirements of Rule 4(c) and Rule 4(j)(2) of the Federal Rules of Civil Procedure.

[Id.]. The movants bring their motions pursuant to Rule 12(b)(2) for a lack of personal jurisdiction and Rule 12(b)(5) for insufficient service of process. [Id.].

Rule 4(c)(1) requires service of a summons and a copy of the complaint, while Rule 4(j)(2) provides in pertinent part:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.[1]

Fed. R. Civ. P. 4(j)(2) (as amended 2007). The movants allege that although Plaintiff attempted to effect service on September 9, 2010, and again on October 5, 2010, she has not met the requirements of service. The movants assert that Plaintiff has not only failed to serve both the summons and the complaint, she has failed to provide service on the proper person. Citing O.C.G.A. §§ 49-2-4, 49-2-6, 49-2-7(b), 49-3-1, and 49-3-6, the movants write, "As DFCS is not a legal entity separate from the Department of Human Services, proper service, of both summons and complaint, must be made on the

---

[1] The laws of the State of Georgia provide for service upon Defendant by the same manner as set forth in Rule 4(j). O.C.G.A. § 9-11-4(e)(5).

Commissioner of the Department of Human Services, or on her designee."[2]  [Doc. 4 at 3; Doc. 6 at 4].  The movants also assert that Plaintiff has not properly requested a waiver of service from Defendant.[3]  [Doc. 4 at 3].  For these reasons, according to the movants, Plaintiff's complaint should be dismissed.

Although Plaintiff has offered no evidence that she has effected service of process and, based on the undisputed facts presented by movants, the court finds that service attempted to date is ineffective, the court nonetheless concludes that the movants' motions to dismiss are premature.  Rule 4(c) provides in pertinent part that

---

[2]The court also notes that Rule 4(c)(2) provides that "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint."  Fed. R. Civ. P. 4(c)(2) (as amended 2007) (emphasis added).

[3]The provisions for requesting waiver of service are found in Rule 4(d).  However, in order to effect service on a state or local agency or its representative, the requirements of Rule 4(j) must be met.  As stated by the district court in Chapman v. New York Div. for Youth, 227 F.R.D. 175, 179 (N.D. N.Y. 2005):

> A request for waiver of service may only be sent to those discrete defendants who are subject to service under Rule 4(e), (f), and (h). . . . Listed *seriatim*, those discrete defendants are "individuals," "corporations," and "association.". . . For public policy reasons, neither government agencies nor their employees or officials are obligated to comply with a request for waiver nor will they be confronted with bearing the costs of the service of process. . . .  Service upon governmental agencies and their employees is governed by Rule 4(j).

See also Whatley v. District of Columbia, 188 F.R.D. 1, 2 (D. D.C. 1999) (same).

AO 72A
(Rev.8/82)

the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m). . . ." Fed. R. Civ. P. 4(c)(1) (as amended 2007). Rule 4(m), in turn, requires service of process within 120 days of filing the complaint. Fed. R. Civ. P. 4(m) (as amended 2007). Plaintiff filed her complaint in this court on August 24, 2010. [Doc. 1]. Therefore, pursuant to Rule 4(m), service must be effected on or before December 22, 2010. Because the 120-day period for effecting service has yet to expire, the motions to dismiss [Docs. 4, 6] must be denied as premature. See Sweeley v. First United Methodist Church, Inc., 2008 WL 4933969, *2 (E.D. N.C. November 17, 2008). However, if Plaintiff fails to effect service within the 120-day period prescribed by Rule 4(m), Defendant Fulton County DFCS and the Georgia DHS have leave to re-file a motion to dismiss.

For the foregoing reasons and cited authority, the undersigned **RECOMMENDS** that the movants' motion [Doc. 4] to dismiss and amended motion [Doc. 6] to dismiss be **DENIED**.

**IT IS SO RECOMMENDED**, this 9th day of November, 2010.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

4