IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHERRI HORTON, | |
|       Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 1:10-CV-2665-TWT-JFK |
| FULTON COUNTY DEPARTMENT OF FAMILY AND CHILDREN SERVICES, | |
|       Defendant. | |

## FINAL REPORT AND RECOMMENDATION

The complaint in this civil action alleges that Defendant discriminated against Plaintiff between March 16, 2010, and June 1, 2010, by failing to promote her, plus denial of leave, training opportunities, and compensation, and grievance procedures, "Retaliation," and that she was constructively discharged. [Doc. 1 at 2]. Pending before the court is the January 21, 2011, Order [Doc. 13] directing Plaintiff Sherri Horton to show cause why the complaint should not be dismissed pursuant to Local Rule 41.2(B), N.D. Ga., for failure to effect service.

### I.   Procedural History

The complaint in this matter was filed on August 24, 2010. [Doc. 1]. Rule 4(m) of the Federal Rules of Civil Procedure requires service of process and a copy of the

complaint within 120 days of filing the complaint. Fed. R. Civ. P. 4(m) (2007). Therefore, Plaintiff had until December 22, 2010, to effect service of summons and a copy of the complaint on Defendant. In an Order dated December 3, 2010, the District Court denied Defendant's motion to dismiss the complaint for failure to effect service because the deadline for effecting service had not yet expired. [Doc. 11 (docketed on December 6, 2010), adopting the report and recommendation, Doc. 10, dated November 9, 2010].

The report and recommendation adopted by the District Court outlined the requirements for service including, in particular, the necessity to comply with requirements in Fed. R. Civ. P. 4(j)(2) because Defendant, the Fulton County Department of Family and Children Services ("DFCS") is, as argued by Defendant, "not a legal entity separate from the Department of Human Services [and] proper service, of both summons and the complaint, must be made on the Commissioner of the Department of Human Services, or on her designee." [Doc. 10 at 2-3; Doc. 6-1 at 4 (citing O.C.G.A. § 49-2-15)]. The report and recommendation also contained an explanatory footnote regarding Fed. R. Civ. P. 4(c)(2) which provides that "[a]ny person who is at least 18 years old and not a party may serve a summons and

complaint." [Id. at 3 n.2].[1] As stated in the report and recommendation adopted by the District Court, Defendant had leave to re-file a motion to dismiss if Plaintiff failed to effect service within the 120-day period prescribed by Rule 4(m), i.e., by December 22, 2010, in the manner required by Rule 4. [Doc. 10 at 4].

On January 21, 2011, the docket did not reflect that service had been effected on Defendant. Therefore, the court issued the pending show cause order to Plaintiff Horton to state in writing, within fourteen days of entry of the order, why the complaint should not be dismissed pursuant to Local Rule 41.2(B), N.D. Ga., for failure to effect service. [Doc. 13]. If service had been effected, then Plaintiff was

---

[1] Also included was a footnote referencing waiver of service under Rule 4(d). [Id. at 3 n.3]. However, waiver of service is not applicable to this action. As stated by the district court in Chapman v. New York State Div. of Youth, 227 F.R.D. 175 (N.D. N.Y. 2005):

> A request for waiver of service may only be sent to those discrete defendants who are subject to service under Rule 4(e), (f), and (h). . . . Listed *seriatim*, those discrete defendants are "individuals," "corporations," and "association.". . . For public policy reasons, neither government agencies nor their employees or officials are obligated to comply with a request for waiver nor will they be confronted with bearing the costs of the service of process. . . . Service upon governmental agencies and their employees is governed by Rule 4(j).

227 F.R.D. at 179. See also Whatley v. District of Columbia, 188 F.R.D. 1, 2 (D. D.C. 1999) (same).

ordered to also file an affidavit with the Clerk of Court showing that timely service had been effected as required by Fed. R. Civ. P. 4. [Id.]. The show cause order stated, "Plaintiff is advised that failure to comply with these orders will result in a recommendation of dismissal of the complaint without prejudice."

As of today's date, the docket reflects that Plaintiff Horton has not responded to the court's show cause order, nor has she filed an affidavit of service with the Clerk, as ordered.

## II.    Standard of Law

In order to effect service on a state or local agency or its representative, the requirements of Fed. R. Civ. P. 4(j) must be met. Fed. R. Civ. P. 4(j) (2), as amended 2007, provides in pertinent part:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A)  delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B)  serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

The laws of the State of Georgia provide for service upon Defendant by the same manner as set forth in Rule 4(j). O.C.G.A. § 9-11-4(e)(5).

4

Plaintiffs are responsible for serving a defendant with summons and the complaint, on an appropriate person and by appropriate means, within 120 days of the complaint being filed. Fed. R. Civ. P. 4(c)(1). If a plaintiff fails to effect timely service, Rule 4(m) states that:

> the court, upon motion or on its own initiative after notice to the plaintiff, *shall dismiss* the action without prejudice . . . *or* direct that service be effected within a specified time; provided that *if* the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m) (emphasis added).

"Good cause" for extending the time for service exists "'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" Anderson v. Osh Kosh B'Gosh, 255 Fed. Appx. 345, 347 (11th Cir. 2006) (per curiam) (citation omitted). "[W]hen . . . a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case. Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." Lepone-Dempsey v. Carroll County Com'rs, 476 F.3d 1277, 1282 (11th Cir. 2007).

5

Local Rule 41.2(B), N.D. Ga., provides: "In accordance with Fed. R. Civ. P. 4, the court may, with notice to the party on whose behalf service was required, dismiss the action without prejudice as to any defendant not served within 120 days after the filing of the complaint."

### III.  Discussion

The docket reflects that Plaintiff failed to serve Defendant within the time period required by Fed. R. Civ. P. 4. The fact that Plaintiff is proceeding pro se does not excuse her failure to timely serve Defendant within the time period required by Rule 4. As stated in the Notice to Pro Se Plaintiffs, mailed to Plaintiff on August 26, 2010, "Plaintiffs proceeding pro se (without an attorney) . . . must comply with the Federal Rules of Civil Procedure, as well as the Local Rules of this Court. . . ." [Doc. 2]. See Anderson, 255 Fed. Appx. at 348 n.4; Townsend v. Equifax Credit Information Services, 2009 WL 1883785, at *2 (S.D. Fla. June 30, 2009) (citing McNeil v. United States, 113 S. Ct. 106, 113 (1993)).

Plaintiff has not responded to the court's show cause order with an explanation for why the complaint should not be dismissed for failure to effect service pursuant to L.R. 41.2(B), N.D. Ga. In addition, even taking into consideration Plaintiff's earlier explanation of her attempts to serve Defendant [see Doc. 12, motion to deny motion

to dismiss]², Plaintiff has not shown that she effected service as required by Fed. R. Civ. P. 4(j)(2) and within the time period required by Rule 4(m). Nor has she requested an extension of time to do so.

Plaintiff hired a professional process server which served Defendant at the address on its website, the address of Fulton County Department of Family and Children Services located at 1249 Donald Lee Hollowell Parkway, Atlanta, Georgia 30318. [See Doc. 12 at 2]. Rule 4(j)(2) requires service on Defendant's "chief executive officer" or in the manner prescribed by the state's law which, as stated by Defendant [see Doc. 6 at 4], requires service on the Commissioner of the Department of Human Services.³ Plaintiff has argued that since Defendant, through the Attorney

---

²The motion bore an incorrect docket number; once it was docketed in the correct action, the court denied the motion as moot. [Doc. 13, December 20, 2010].

³O.C.G.A. § 49-2-15, which was quoted in full in Defendant's motion to dismiss the complaint [Doc. 6 at 4], provides:

> When any action is brought against the Department of Human Services, the Board of Human Services, the commissioner of human services, or any employee or agent thereof or when any action is brought in which the department could be held responsible for damages awarded in such action, it shall be the duty of the plaintiff to provide for service of notice of the pendency of such action by providing for service of a second original process, issued from the court in which the action is filed, upon the commissioner of human services personally or upon a person designated by the commissioner in writing to serve as agent for the

7

General of the State of Georgia, filed a motion to dismiss, that "is equivalent to the acknowledgment of personal service of the summons upon them and the awareness of a lawsuit pending against them." [Id. at 2-3]. Her argument is without merit. The fact that a defendant may have actual notice of the law suit does not relieve a plaintiff of the necessity of complying with the service requirements in Rule 4. See Anderson, 255 Fed. Appx. at 348 (citation omitted); Mann v. Castiel, 729 F. Supp. 2d 191, 196 (D. D.C. 2010) ("Proof of actual notice will not satisfy [Rule 4] because 'notice alone cannot cure an otherwise defective service.'") (quoting Whitehead v. CBS/Viacom, Inc., 221 F.R.D. 1, 3 (D. D.C. 2004)); Baade v. Price, 175 F.R.D. 403, 405 (D. D.C. 1997) ("The law is clear and mandates that there be strict compliance to Rule 4[ ] and it is irrelevant whether or not defendant . . . had actual notice of the lawsuit.").

Plaintiff also hired Atlanta Process Servers who she alleges "personally served the complaint and the summons to the Defendant's Legal Service Officer, Menelik Alleyne, ESQ on October 5, 2010[,] at the address of 1249 Hollowell Parkway,

---

    acceptance of such service of process. The service of process in such action shall not be perfected until such second original process has been served as provided in this Code section. The provisions of this Code section shall be cumulative of any other requirements imposed by law for the service of process or notice.

8

Atlanta, Georgia 30318." [Id. at 3]. Even if Menelik Alleyne is an attorney for Defendant, absent evidence that an attorney is the authorized or appointed agent for acceptance of service, service on a defendant's attorney does not effect service pursuant to Rule 4. See Miree v. United States, 490 F. Supp. 768, 775-76 (N.D. Ga. 1980) (". . . service upon counsel is ineffectual, unless the party has appointed his attorney his agent for service of process, or it is otherwise authorized by law") (citations omitted); Gould v. Latorre, 227 Ga. App. 32, 33, 488 S.E.2d 116, 118 (1997) ("[W]here personal service on an individual is required, service of process on that individual's attorney usually is not permitted. . . . This is particularly true in cases like this involving service of the very complaint which seeks to initiate suit against a defendant. And while it is true that O.C.G.A. § 9-11-5 allows for service of certain pleadings on an individual's attorney, such pleadings are defined by the language of that statute as those *subsequent to the original complaint*.") (citations omitted) (emphasis in original). Plaintiff has not shown that Mr. Menelik Alleyne is Defendant's attorney and its agent for service of process.[4] Nor did O.C.G.A. § 9-11-5

---

[4]According to Defendant, "Plaintiff delivered the four-page Complaint, with no Summons or attachments of any kind, to the receptionist and then to another staff member, Mr. Menelik Alleyne, at the front desk of Fulton County DFCS." [Doc. 6 at 2].

9

allow service of the original complaint on Defendant's attorney. When the court dismissed Plaintiff's service arguments [Doc. 12] as moot on December 20, 2010 [see Doc. 13],[5] Plaintiff should, therefore, have taken action to effect service and to request an extension of time if necessary.

District courts have the discretion to extend the time for service of process under Rule 4(m), even in the absence of a showing of good cause. Anderson, 255 Fed. Appx. at 347 (citing Horenkamp v. Van Winkle And Co., Inc., 402 F.3d 1129, 1132-33 (11th Cir. 2005)). One example of a case that should not be dismissed for failure to serve is "'if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" Anderson, 255 Fed. Appx. at 348 (citing Horenkamp, 402 F.3d at 1132).[6] Plaintiff's right to sue on her Title VII claims will have expired and she will be barred from re-filing the complaint if it is dismissed for failure to effect service because the Notice of Right to

---

[5] A copy of the court's oral order was mailed to Plaintiff on December 20, 2010.

[6] Plaintiff has not alleged and there is nothing in the record that indicates Defendant is evading service or concealing a defect in Plaintiff's attempted service. Rather, Defendant clearly pointed out the defect in service [Doc. 6] at a time when Plaintiff could have corrected that defect and timely effected service.

10

Sue Within 90 Days was issued to Plaintiff on October 7, 2010, and, therefore, the time within which she could re-file the complaint expired on January 5, 2011.

However, the undersigned magistrate recommends that the complaint be dismissed, without prejudice,[7] given Plaintiff's failure to comply with the court's orders or take the necessary steps to prosecute this action and, hence, her apparent abandonment of this action. After the District Court's Order was docketed and mailed to Plaintiff on December 6, 2010, Plaintiff had sufficient time to either to effect proper service by December 22, 2010, or ask for an extension of time to effect service. She failed to do so. When the court issued the pending show cause order [Doc. 13] on January 21, 2011, Plaintiff was given another opportunity to avoid dismissal of the complaint and was warned that failure to comply with the show cause order would result in a recommendation that the complaint be dismissed without prejudice. Plaintiff has failed to respond to the show cause order or to file proof of service with the Clerk of Court. Her failure to timely serve Defendant is not the fault of some outside factor, such as faulty advice because, as discussed supra, Defendant's earlier motion to dismiss the complaint for failure to effect service and the court's report and

---

[7]Local Rule 41.3, N.D. Ga., provides that an action may be dismissed with prejudice if a plaintiff fails or refuses to obey a lawful order of the court. L.R. 41.3(A)(2), N.D. Ga.

11

recommendation which the District Court adopted provided Plaintiff with the Federal Rules of Civil Procedure and the relevant state statutes for effecting service on Defendant. The reason for Plaintiff's failure to effect service is, thus, due to Plaintiff's own negligence. And dismissal of the complaint without prejudice is, therefore, appropriate pursuant to Fed. R. Civ. P. 4 and Local Rule 41.2(B), N.D. Ga. See Lepone-Dempsey, 476 F.3d at 1281-82; accord Townsend, 2009 WL 1883785, at *2.

## III.   Conclusion

For the above reasons, the court **RECOMMENDS** that the complaint be dismissed without prejudice pursuant to L.R. 41.2(B), N.D. Ga., for failure to effect service.

The Clerk is **DIRECTED** to terminate this reference.

**SO RECOMMENDED**, this 24th day of February, 2011.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE